UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MINNESOTA OFFICE PLAZA LLC, a Minnesota Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>DLORAH, INC., a South Dakota Corporation, d/b/a National American University; PARK WEST, LLC, a South Dakota Limited Liability Company; RONALD SHAPE; and ROBERT BUCKINGHAM as Trustee of the Robert D. Buckingham Living Trust,<br><br>Defendants. | 5:21-CV-05061-KES<br><br><br><br>ORDER GRANTING MOTION TO AMEND COMPLAINT AND DENYING MOTION TO AMEND ANSWER |

Plaintiff, Minnesota Office Plaza LLC, seeks leave to amend its complaint to add Black Hills Community Bank as a defendant. Docket 34. Defendants, Dlorah, Inc., Park West, LLC, Ronald Shape, and Robert Buckingham as Trustee of the Robert D. Buckingham Living Trust, oppose Minnesota Office's motion. Docket 36, Docket 37. Additionally, Park West, Shape, and Buckingham move for leave to amend their answer to include a counterclaim for slander of title. Dockets 27, 28. Minnesota Office opposes the motion. Docket 31. For the following reasons, the court grants Minnesota Office's motion to amend its complaint and denies as moot Park West, Shape, and Buckingham's motion to amend their answer.

1

**BACKGROUND**

The facts, as stated in the proposed amended complaint, are as follows:

On or around June 8, 2000, Minnesota Office, as landlord, leased to Dlorah certain commercial real estate located at 1500 West Highway 36, Roseville, Minnesota 55113 (the Roseville Property) for a period of twelve years. Docket 34-1 ¶¶ 10, 11. Subsequent amendments to the lease agreement extended the lease term to August 31, 2024. *Id.* ¶ 12. From August 2000 until April 2019, Dlorah operated a National American University campus at the Roseville Property. *Id.* ¶ 14. By early summer of 2019, Dlorah closed the University campus at the Roseville Property as a part of a shift from in-person learning to online teaching. *Id.* ¶¶ 15–16.

On April 24, 2019, Minnesota Office filed an eviction action against Dlorah for failure to pay amounts due under the lease. *Id.* ¶¶ 24, 26. A Writ of Recovery of Premises was entered in Minnesota state court, and Dlorah was formally evicted from the Roseville Property. *Id.* ¶ 30. Minnesota Office then sued Dlorah for breach of the lease agreement. *Id.* ¶ 33. On September 30, 2020, a Minnesota state court granted summary judgment in favor of Minnesota Office on its breach of lease claim. *Id.* ¶ 38. The court found that Minnesota Office was entitled to rent through the end of the lease term as well as attorneys' fees and other expenses totaling $2,801,326.66. *Id.* ¶¶ 38–39.

The lawsuit before this court involves two real estate transactions that took place while the Minnesota state court litigation was pending between Dlorah and Park West in 2019 and 2020. *See id.* ¶¶ 66, 73, 88, 95. These

transactions involved the transfer from Dlorah to Park West of the Fairway Hills Property in Rapid City, South Dakota. *Id.* ¶¶ 66, 68, 73–74. Park West is an entity created on or about August 1, 2019. *Id.* ¶ 55. It is controlled by Dlorah and Dlorah's leadership. *Id.* ¶¶ 51, 122; *see also id.* ¶ 5. Minnesota Office alleges that Dlorah transferred its assets to Park West for the purpose of shielding the assets from collection and foreclosure. *Id.* ¶¶ 52–53. Count One of Minnesota Office's complaint alleges actual fraudulent transfer against defendants, in violation of the Uniform Fraudulent Transfer Act (UFTA), SDCL § 54-8A-4(a)(1). *Id.* ¶¶ 116–39. Count Two alleges constructive fraudulent transfer against defendants, in violation of the UFTA, SDCL §§ 54-8A-4(a)(2) and 54-8A-5(a). *Id.* ¶¶ 140–48. In Count Three, Minnesota Office asks the court to pierce the corporate veil and hold defendants jointly and severally liable. *Id.* ¶¶ 149–55. Count Four seeks judgment against defendants for all attorney's fees and costs. *Id.* ¶¶ 156–60.

      Minnesota Office seeks leave to amend its complaint to add Count Five, an additional UFTA claim against the Bank. *See generally* Docket 34. The proposed amended complaint alleges that the Bank was a "subsequent transferee" under SDCL § 54-8A-8(b) of the defendants' fraudulent transactions. Docket 34-1 ¶ 166. Park West executed promissory notes and first priority mortgages with the Bank in order to finance both the 2019 and 2020 Fairway Hills Property transactions. *Id.* ¶ 105. Minnesota Office claims that the Bank had sufficient information and documents to know that the real estate transactions from Dlorah to Park West were part of a fraudulent scheme.

*Id.* ¶ 113. Minnesota Office seeks judgment against the Bank including the avoidance or setting aside of the Bank's mortgages and any other remedies and relief allowed under the South Dakota Fraudulent Transfer Act. *Id.* ¶ 168.

## LEGAL STANDARD

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 of the Federal Rules of Civil Procedure states that leave to amend a pleading should be given "freely" and "when justice so requires." The Supreme Court has held:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001). "The Eighth Circuit Court of Appeals takes a 'liberal viewpoint towards leave to amend' and leave 'should normally be granted absent good reason for a denial.' " *Libertarian Party of S.D. v. Krebs*, 312 F.R.D. 523, 525 (D.S.D. 2016) (quoting *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000)). "Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous." *Becker v. Univ. of Neb.*, 191 F.3d 904, 908 (8th Cir. 1999).

**DISCUSSION**

**I.      Motion to Amend Complaint**

Minnesota Office moves to amend its complaint to add Count Five, alleging a subsequent transferee cause of action against the Bank under SDCL § 54-8A-8(b). Docket 34; Docket 34-1 ¶¶ 166, 168. Minnesota Office seeks to have the mortgages Park West granted in favor of the Bank set aside and any other remedies and relief allowed under the South Dakota Fraudulent Transfer Act. Docket 34-1 ¶ 168. Defendants oppose the motion and argue that the proposed amendment does not meet the particularity requirement for fraud under Rule 9, or the plausibility pleading standard under Rule 12(b)(6). Docket 36 at 2; Docket 37. Defendants do not contend that Minnesota Office's amendment is made with undue delay, bad faith, or undue prejudice. *See* Docket 36, 37.

**A.      Pleading Standard**

Federal Rule of Civil Procedure 8(a) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this pleading requirement is to ensure that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Under Rule 9(b), a party alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake." Thus, to satisfy Rule 9(b), the party alleging fraud "must typically identify the 'who, what,

5

where, when, and how' of the alleged fraud." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (quoting *United States ex rel. Costner v. URS Consultants, Inc.*, 317 F.3d 883, 888 (8th Cir. 2003)). As described by the Eighth Circuit Court of Appeals, the particularity requirement of Rule 9(b) "ensures that a defendant is given sufficient notice of the allegations against him to permit the preparation of an effective defense." *Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1010 (8th Cir. 2015) (citation omitted). "Claims 'grounded in fraud' must meet this heightened pleading requirement." *Id.* (citations omitted). "The level of particularity required depends on . . . the nature of the case and the relationship between the parties." *BJC Health Sys.*, 478 F.3d at 917 (*citing Payne v. United States*, 247 F.2d 481, 486 (8th Cir. 1957)). "Rule 9(b) should be read 'in harmony with the principles of notice pleading.' " *Id.* (quoting *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002)).

Defendants argue that Minnesota Office's proposed amendment is subject to Rule 9(b)'s heightened particularity requirement. Docket 36 at 4 n.2. Defendants contend that the proposed amendment fails to satisfy Rule 9(b) because it is based on supposition and not on particular circumstances detailing alleged fraud. *Id.* at 4–5. They cite *N.W. Bank & Trust Co. v. First Ill. Nat'l Bank*, 354 F.3d 721 (8th Cir. 2003) for the proposition that a Rule 9(b) heightened pleading standard applies to fraudulent transfer allegations. *Id.* at 4 n.2. In *Northwest Bank*, the Eighth Circuit affirmed summary judgment against

6

a bank that failed to plead a fraudulent conveyance action with sufficient particularity as is required under Rule 9(b). *N.W. Bank*, 354 F.3d at 727.

Minnesota Office claims it is not seeking to add a fraudulent transfer allegation against the Bank, constructive or actual. *See generally*, Docket 34-1; *see also* Docket 38 at 3. Rather, Minnesota Office alleges the Bank is a subsequent transferee who did not either take in good faith or for value. Docket 34-1; Docket 38 at 5. Minnesota Office claims that "[t]he difference between an 'initial transferee' claim and a 'subsequent transferee' claim is material." Docket 38 at 3. It argues that initial fraudulent transferee claims necessarily involve allegations of fraud, actual or constructive, but subsequent transferee claims do not. *Id.* at 2–3; *compare* SDCL §§ 54-8A-4 and 54-8A-5 *with* SDCL § 54-8A-8. Given that its proposed amendment alleges only a subsequent transferee claim against the Bank, not an initial fraudulent transferee claim, actual or constructive, Minnesota Office argues that the Rule 8(a) pleading standard applies to its proposed amendment. Docket 38 at 7.

"South Dakota has adopted the Uniform Fraudulent Transfer Act." *Nielsen v. Logs Unlimited, Inc.*, 839 N.W.2d 378, 381 (S.D. 2013) (citation omitted). Codified at SDCL ch. 54-8A, the purpose of the legislation "is to protect a debtor's estate from being depleted to the prejudice of the debtor's unsecured creditors." *Glimcher Supermall Venture, LLC v. Coleman Co.*, 739 N.W.2d 815, 820 (S.D. 2007) (citation omitted). A fraudulent transfer is a transfer made "[w]ith actual intent to hinder, delay, or defraud any creditor of the debtor[.]" SDCL § 54-8A-4(a)(1). Certain "badges" of a fraudulent transfer

7

are identified in the statute, including whether the alleged fraudulent transfer occurred "shortly before or shortly after a substantial debt was incurred," "the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred," "the transfer was of substantially all the debtor's assets," the transfer was of "substantially all of the debtor's assets," "the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor;" the transfer "was disclosed or concealed;" and the debtor had been sued before the transfer was made. SDCL § 54-8A-4(b).

Under South Dakota's Fraudulent Transfers Act, a creditor "may recover judgment for the value of the asset transferred . . . or the amount necessary to satisfy the creditor's claim." SDCL § 54-8A-8(b). The term "transfer" includes any "disposing of or parting with an asset or an interest in an asset, including . . . creation of a lien or other encumbrance." SDCL § 54-8A-1(12). SDCL § 54-8A-7(a)(1) permits a creditor, in an action for relief against a transfer, to obtain the avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim. Further, "judgment may be entered against *any subsequent transferee other than a good faith transferee who took for value or from any subsequent transferee*." SDCL § 54-8A-8(b)(2) (emphasis added).

In *Larson Mfg. Co. of S. Dakota v. Connecticut Greenstar, Inc.*, the court held that Rule 9(b)'s heightened particularity requirement applies to intentional fraudulent transfer claims under the UFTA. 929 F. Supp. 2d 924, 936 (D.S.D. 2013); *see also, Cup O' Dirt LLC v. Badlands Airtime, LLC*, 2020 WL 475606, at

8

\*4 (D.S.D. Jan. 29, 2020) ("Rule 9(b) applies to intentional fraudulent transfer claims."). But in *Larson Manufacturing*, the court also recognized that *constructive* fraudulent transfer claims are not subject to Rule 9(b)'s heightened particularity pleading standard. 929 F. Supp. 2d at 935. The court reasoned that "[w]hile there is authority to the contrary, the better and majority rule is that a claim for constructive fraud . . . need not be pleaded with particularity, as the claim is not premised on fraud but on a transfer made for inadequate consideration at a time the transferor was insolvent." *Id.* (quoting *In re Ticketplanet.com*, 313 B.R. 46, 68 (Bankr. S.D.N.Y. 2004)).

      Here, Minnesota Office does not allege fraud against the Bank, either intentional or constructive. *See* Docket 34-1 ¶¶ 115, 167–68. Rather, Minnesota Office seeks judgment against the Bank as the subsequent transferee of an alleged initial fraudulent transfer under SDCL § 54-8A-8(b). *Id.* ¶ 166. Minnesota Office contends that the Rule 8(a) pleading requirements apply because the Bank is a subsequent transferee to the Dlorah to Park West transfers, and because the Bank acted in bad faith. *Id.* ¶¶ 96–115, 161–168. Specifically, Minnesota Office points to the Bank's longstanding business relationship with Dlorah, its prior security interest in the Fairway Hills Property, and its purported knowledge of Park West's makeup and fraudulent purpose. *Id.*

      Defendants' argument that Minnesota Office is alleging an intentional fraudulent transfer claim is unavailing. The proposed amended complaint alleges that the Bank "played a direct role in facilitating [the Fairway Hills

9

Property] transfers by providing Park West the necessary financing to facilitate these transactions, and at least some of the sale proceeds were routed back to [the Bank] to pay off the preexisting loans and mortgages that Dlorah had with [the Bank]. *Id.* ¶ 103. Further, "[the Bank] knew or had reason to know that [the Fairway Hills Property] transfers from Dlorah to Park West were fraudulent." *Id.* ¶ 115. The proposed amended complaint sufficiently alleges that the Bank is not a good faith transferee who took for value. Thus, because the amended complaint alleges the Bank was a subsequent transferee and not a fraudulent transferor, the heightened Rule 9(b) standard does not apply. *See In re Bernard L. Madoff Inv. Sec., LLC*, 440 B.R. 243, 269 (Bankr. S.D.N.Y. 2010) ("In determining whether a claim to recover fraudulent transfers from a subsequent transferee is adequately pled, the Court need only apply a Rule 8 analysis."); *see also Larson Mfg. Co. of S. Dakota*, 929 F. Supp. 2d at 935. ("The Court after having reviewed the merits of the different positions, will, instead, apply the majority rule that Rule 9(b) applies only to intentional fraudulent transfer claims.").

Applying Rule 8 to the proposed amendments, Minnesota Office provides "fair notice" to the Bank of the subsequent transfers sought to be recovered. *See* Docket 34-1 ¶¶ 103-07. The initial transfers are set forth in Counts One through Three of the proposed amended complaint, specifying the dates upon which they took place, the method of transfer, the transferor, and the specific transferees. *Id.* ¶¶ 116-55. The proposed amended complaint further provides that "On or around September 12, 2019, Park West executed a mortgage in

favor of BHCB in the amount of $2,000,000. This mortgage was executed by Mr. Shape in his role as Manager of Park West and, on information and belief, was executed in connection with the 2019 Purchase Agreement." *Id.* ¶ 106. The same notice is provided for the 2020 Purchase Agreement. *Id.* ¶ 107. Thus, the court concludes that Count Five of Minnesota Office's proposed amended complaint ensures that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *See Bell Atl. Corp.*, 550 U.S. at 545.

In the alternative, if the court had found Rule 9(b) to be applicable to Minnesota Office's proposed amendment, the court would find that Count Five is well within the particularity pleading requirements of Rule 9(b). In pleading fraud with sufficient particularity, the plaintiff must provide the 'who, what, where, when, and how' of the alleged fraud." *BJC Health Sys.*, 478 F.3d at 917 (quoting *United States ex rel. Costner*, 317 F.3d at 888 (8th Cir. 2003)). This information is adequately provided for in Minnesota Office's complaint and proposed amended complaint. *See* Dockets 1, 34-1. Minnesota Office alleges in detail the 2019 and 2020 initial fraudulent transactions between Dlorah and Park West. *Id.* Minnesota Office also alleges a subsequent transferee claim against the Bank. Docket 34-1. The proposed amended complaint sets forth facts sufficient to meet the particularity pleading requirements of Rule 9(b).

    **B.**    **Futility**

An amendment is futile if "the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (internal quotation omitted).

11

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp*, 550 U.S. at 570). "A claim has facial plausibility when the [pleaded] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In this analysis, the court assumes all facts asserted "in the complaint to be true and construes all reasonable inferences from those facts" in a light most favorable to the non-moving party. *Rochling v. Dep't of Veterans Affs.*, 725 F.3d 927, 930 (8th Cir. 2013) (internal quotation omitted). The court may also "consider those materials that are necessarily embraced by the pleadings." *Hughes v. City of Cedar Rapids*, 840 F.3d 987, 998 (8th Cir. 2016) (internal quotation omitted). "Those materials include 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings.' " *Id.* (quoting *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003)).

Because this case arises under diversity jurisdiction, this court must apply state substantive law and federal procedural law. *Great Plains Tr. Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007). Here, the relevant law for the futility analysis is the UFTA, SDCL ch. 58-8A, as discussed above.

Defendants argue that Minnesota Office's proposed amended complaint is futile because it communicates "little more than . . . belief" and is based on "supposition and assumptions." Docket 36 at 7-8. According to defendants, the mere existence of the Bank's mortgage and the fact that it might be associated with the allegedly fraudulent Park West and Dlorah transactions is insufficient to state a claim for relief. *Id.* General allegations of this nature are not enough to meet the plausibility standard, they argue. *Id.*

Minnesota Office argues that it has pleaded a claim sufficient to survive a Rule 12(b)(6) motion to dismiss. Docket 38. In its complaint, Minnesota Office alleged that Dlorah fraudulently transferred the Fairway Hills Property to Park West. Docket 1 ¶¶ 95-127. Now in its proposed amended complaint, Minnesota Office seeks judgment against the Bank as a subsequent transferee of the initial fraudulent transfer. Docket 34-1 ¶¶ 161-68. Minnesota Office argues that to adequately plead a subsequent transferee claim under SDCL § 54-8A-8(b), the proposed amendment need only allege that the Bank is the "subsequent transferee" of a purported initial fraudulent transfer, and that the Bank did not take in good faith and for value. Docket 38 at 5 (quotation omitted). Minnesota Office concludes that it has plausibly done so. *Id.*

Here, the proposed amendment alleges that, following the transfer of the Fairway Hills Property to Park West, Park West subsequently transferred a security interest in the Fairway Hills Property to the Bank. Docket 34-1 ¶ 166. This is a "transfer" within the definition of the South Dakota's Fraudulent Transfers Act. SDCL § 54-8A-1(12). The proposed amendment also states with

particularity that the Bank did not take the security interest "in good faith" because of its prior knowledge of Dlorah's transactions. Docket 34-1 ¶ 167. Thus, the court finds that Minnesota Office states a viable SDCL § 54-8A-8(b) subsequent transferee claim against the Bank. The proposed amended complaint would survive a Rule 12(b)(6) motion to dismiss and the proposed amended complaint is not futile. Minnesota Office's motion for leave to amend its complaint is granted.

## II. Motion to Amend Answer

As noted above, because the court has granted the motion to amend the complaint, defendants will have the opportunity to file a responsive pleading without leave of the court. *See* Fed. R. Civ. P. 15(a)(3). Additionally, the motion to amend the answer is moot because granting the motion to amend would merely be in response to a complaint that has now been replaced by the amended complaint following the court's order. *Thomas v. United Steelworkers Loc. 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014). Thus, the motion to amend the answer is denied as moot.

## CONCLUSION

Minnesota Office's UFTA claim against the Bank is not futile and would survive a motion to dismiss. The motion to amend the complaint is granted. Park West's motion to amend the answer is denied as moot. Thus it is,

ORDERED:

1. Minnesota Office's motion (Docket 34) to amend the Complaint (Docket 1) is granted.

2. Park West's motion (Docket 27) to amend the Answer (Docket 16) is denied as moot.

Dated July 25, 2022.

                              BY THE COURT:

                              */s/ Karen E. Schreier*
                              KAREN E. SCHREIER
                              UNITED STATES DISTRICT JUDGE