UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| MINNESOTA OFFICE PLAZA LLC, A MINNESOTA LIMITED LIABILITY COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>DLORAH, INC., A SOUTH DAKOTA CORPORATION d/b/a NATIONAL AMERICAN UNIVERSITY; PARK WEST, LLC, A SOUTH DAKOTA LIMITED LIABILITY COMPANY; RONALD SHAPE; AND ROBERT BUCKINGHAM AS TRUSTEE OF THE ROBERT D. BUCKINGHAM LIVING TRUST,<br><br>    Defendants. | 5:21-cv-05061-KES<br><br>**PROTECTION ORDER** |

    Plaintiff Minnesota Office Plaza LLC and Defendants Dlorah, Inc., Park West, LLC, Ronald Shape, and Robert D. Buckingham as Trustee of the Robert D. Buckingham Living Trust, have submitted a stipulated motion for protection order. Pursuant to Fed. R. Civ. P. 26(c) and good cause appearing, it is ORDERED that the motion is granted as follows:

    1. Materials produced in this matter, whether as part of any party's Rule 26(a)(1) initial disclosures, in response to any party's discovery requests, or otherwise, and designated or labeled "Confidential," shall be treated as confidential as expressly provided by this Protection Order. Neither the parties, their attorneys and staff, nor the parties' retained experts in this litigation, shall permit or allow disclosure of any materials designated or labeled "Confidential" except as expressly provided by this Protection Order. Any party's designation and/or "Confidential" label

must be prominent, and shall further be preserved on all copies of documents. All such confidential material shall be treated as strictly confidential and shall not be disclosed to, discussed with, or in any way divulged to any person, or used for any other purpose, except as permitted herein. There shall be no reproduction of materials designated as "Confidential" except as is necessary in connection with the above-captioned action, and each party shall take all reasonable and necessary steps to secure and limit access to materials designated as "Confidential" under this Protection Order.

2. "Confidential" materials shall include any materials the producing party believes in good faith to contain:

    a. Any trade secret, proprietary information, or commercially sensitive information that the producing party generally does not make available to the public, or which the producing party is under any contractual or legal obligation to maintain as confidential; or

    b. Personal data identifiers of any employee, customer, or claimant, as set forth in Fed. R. Civ. P. 5.2 and D.S.D. Civ. LR 5.2.

3. Except as otherwise provided in this Protection Order, all "Confidential" material provided pursuant to this Protection Order shall be used solely and exclusively for purposes of the prosecution and defense of the above-captioned action. Notwithstanding the above, Minnesota Office Plaza LLC and Dlorah, Inc. may use any "Confidential" materials produced in this lawsuit in connection with the post-judgment collection proceeding captioned *Minnesota Office Plaza LLC v. Dlorah, Inc. d/b/a National American University*, Case No. 51-CIV-21-000383, currently pending in the Circuit Court for the Seventh Judicial Circuit, Pennington County, South Dakota ("the Collections Proceeding"), provided that a mutually agreeable Protection Order is entered into

in the Collections Proceeding. Similarly, any "Confidential" materials produced in the Collections Proceeding may be used in this lawsuit provided that the parties treat such materials as "Confidential" as set forth in this Protection Order. Notwithstanding the above two sentences, any personal financial statements relating to Ronald Shape and/or the Buckingham Trust shall not be used in the Collections Proceeding unless: (1) upon request of one of the parties to the Collection Proceeding, Ronald Shape and/or the Buckingham Trust, as applicable, agree that one or more specifically identified personal financial statements or documents are discoverable in the Collection Proceeding, or (2) the court in the Collections Proceeding enters an order holding that such personal financial statement or document is discoverable. In the event motion practice is needed to resolve a dispute about the use of a personal financial statement in the Collections Proceeding, any such motion may refer to or include the personal financial statement at issue as an exhibit provided that such motion or exhibit is filed under seal and/or confidentially with the court in the Collections Proceeding.

4. "Confidential" material shall not be disclosed by the receiving party to any person other than the party, the party's attorneys, the party's attorney's staff, the party's retained experts in this litigation, the Court and its staff, court reporters retained to transcribe testimony, and persons shown on the face of the document to have authored or received it. If the receiving party is not an individual, then the receiving party may also disclose "Confidential" material to any employee directly involved in the litigation, as well as the party's in-house counsel and in-house counsel's staff.

5. An inadvertent failure to label a document or item as "Confidential" shall not be deemed or construed as a waiver, in whole or in part, of any claim of confidentiality, either as to the specific information disclosed or as to any other information on the same or related subject matter, or of

the right to label the document or item as "Confidential." Rather, such error may be corrected by the producing party promptly providing written notice of the error and substituting an appropriately labeled document(s). Any party receiving such improperly-labeled documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-labeled documents. Each party shall provide a certification as to such return or destruction.

6. The attorneys for the parties shall inform each person to whom materials labeled as "Confidential" are disclosed of the existence of this Protection Order, of its application to said materials, and that they are forbidden from disclosing the materials except as expressly provided herein. In addition, any person—other than a party, a party's attorney or in-house counsel—to whom "Confidential" materials are disclosed by the receiving party in accordance with Section 4 hereof must first read a copy of this Protection Order and execute a "Written Assurance" in the form attached as Exhibit A.

7. This Protection Order shall not affect or abridge the right of any party to (i) seek discovery of documents or information; (ii) object to any discovery request under the applicable rules of civil procedure or evidence; or (iii) move the court to compel the production of documents or for a protection order under Federal Rules of Civil Procedure 37(a) or 26(c).

8. The parties may designate material or testimony sought and disclosed during any deposition as "Confidential" in either of the following ways. First, counsel for any party may in good faith designate any information provided by a witness as confidential material during the deposition. All such designations shall be noted on the record and reflected in the transcript of the deposition. Second, within ten (10) business days of receiving a transcript of any deposition, any party may in good faith designate any portion of the transcript as confidential material. All such

designations shall be made in writing to all parties and shall designate the specific page and line number(s) the party is designating as "Confidential" material. If the designation is made during a deposition, counsel shall instruct the court reporter to label the cover of the transcript as "Confidential," and if the designation is made after the deposition counsel for each party shall be responsible for labeling the cover of their respective transcript as "Confidential." Throughout the ten (10) business-day period, the transcript shall be treated as "Confidential" material.

9. Any pleading filed with the court that includes, references, or summarizes materials that have been designated as "Confidential" under this Protection Order shall be filed under seal in accordance with applicable court rules.

10. The parties agree that nothing contained in this Protection Order shall be construed to prejudice any party's right to use any confidential document, item, or testimony at a hearing or the trial. Should confidential materials be used, discussed, or offered at a hearing or trial, the parties will jointly request the courtroom be closed and, if at trial, that the jury be instructed as to the confidential, protected status of the material.

11. By entering into this Protection Order, the parties do not waive, and specifically reserve, any and available privileges or protections, including any attorney-client privilege, work-product doctrine privilege, or any other applicable privileges or protections they might have with respect to any documents or information. The parties' production of "Confidential" material is not intended to, and shall not, waive or diminish in any way the confidentiality of documents or information produced in connection with the above-captioned action or the protection of "Confidential" material under the attorney-client privilege, the work-product doctrine, or any other applicable privileges or protections. Nothing in this Protection Order shall limit a party's use of its own documents or prevent a party from disclosing its own confidential information to any

person. Such disclosures shall likewise not affect any confidential designation made pursuant to the terms of this Protection Order.

12. If any party challenges the designation of any materials or testimony as "Confidential," that party shall promptly give written notice to all adverse parties of its intent to challenge the designation and the parties shall negotiate in good faith to resolve any dispute without resorting to court intervention. If the parties are not able to resolve the dispute, the party that designated the materials as "Confidential" shall, within twenty (20) days of receiving notice of the challenge, file a motion seeking a ruling that the document, item, or testimony should be subject to this Protection Order, provided that the protections under this Protection Order shall continue to apply until such time as the court has ruled to the contrary. The party designating the materials as "Confidential" shall bear the burden of proving that such document, item, or testimony should be subject to this Protection Order and that the interests of maintaining the confidentiality of the materials outweighs other relevant interests.

13. Return of Documents. Within 60 days of the termination of all the above-captioned action, including any appeal, the parties agree that all materials designated "Confidential," and copies or other reproductions thereof, in whole or in part, shall be returned or certified in writing as having been destroyed except as reasonably necessary to comply with document retention policies and/or future requests for review by reinsurers (if any), auditors, and regulators. Attorneys of Record in the litigation shall be entitled to retain a complete set of all documents filed with the Court and all correspondence generated in connection with the action, along with any work product generated in connection with this action, as part of their normal document retention policies. Any retained materials shall remain subject to the protections of this Protection Order. However, notwithstanding the return or destruction of confidential materials, the parties shall continue to be

obligated to keep the information contained in and derived from such "Confidential" materials strictly confidential and not disclose, discuss, or otherwise divulge the same for any purpose.

14. Application to Court. This Protection Order is without prejudice to the right of any party to apply to the court for an Order permitting the disclosure of any materials that have been designated as "Confidential" or to apply for an Order modifying or limiting this Protection Order in any respect. Also, if any confidential material produced pursuant to this Protection Order is sought by an individual or entity that is not a party to the above-captioned action, including in connection with a subpoena or some other judicial or administrative proceeding, the producing party shall be immediately notified so as to permit that party an opportunity to seek a protection order from the appropriate court. The party receiving the subpoena or order shall not produce the Confidential document(s) until the other parties have had a reasonable opportunity to bring a motion to prevent or limit the disclosure, provided that doing so would not result in violation of any law or government directive.

15. Counsel cannot file sealed documents in CM/ECF. If it is necessary to attach a "Confidential" document to a pleading, counsel shall file an attachment to the pleading with a notation that the "Confidential" document is being delivered to the Clerk of Court to be filed under seal pursuant to the terms of this order. Counsel must serve the protected document on opposing counsel via U.S. Mail or encrypted email.

16. When the protected document is received by the Clerk of Court, it will be scanned and added to CM/ECF as a sealed attachment. The original will be destroyed after scanning unless counsel delivers the protected document to the Clerk of Court with a written request to return the document to counsel.

17. Upon written agreement of a third party and all parties in the above-captioned action, a

third-party producing documents in the course of the above-captioned action may also designate documents as Confidential, resulting in such documents being subject to this Protection Order and the same protections and constraints as the parties to the action.

18. If any party learns of a breach of this Protection Order or improper disclosure of any document designated as "Confidential" under this Protection Order, that party shall promptly inform the designating party of the breach or disclosure.

19. Nothing in this Protection Order precludes or restricts a party from using documents already in their possession, which came into their possession, or which will come into their possession through means outside of this litigation for any purpose outside this litigation even if a party designates the documents as "Confidential" in connection with this litigation.

Dated this 26th day of July, 2022.

BY THE COURT:

*/s/ Karen E. Schreier*

Honorable Karen E. Schreier
District Court Judge

## EXHIBIT A - WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and I understand the terms of the Protection Order dated _____, filed in Court File No. 5:21-cv-05061-KES pending in the United States District Court for the District of South Dakota, Western Division. I agree to comply with and be bound by the provisions of the Protection Order. I understand that any violation of the Protection Order may subject me to sanctions by the Court.

I shall not copy or divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Protection Order, or the contents of such documents, to any person other than those specifically authorized by the Protection Order.

As soon as practicable, but no later than 30 days after I have been notified of final termination of the action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of South Dakota, Western Division for the purpose of enforcing or otherwise providing relief relating to the Protection Order.

Executed on _____        _____
                    (Date)                              (Signature)